## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOYCE BURNETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  03-2365  (RBW) |
| AMAR SHARMA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| JOYCE BURNETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  06-0037  (RBW) |
| AMAR SHARMA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

This matter is before the Court on motions filed on behalf of Amar Sharma and the

District of Columbia.[1]  For the reasons stated below, the Court will grant both defendants'

---

[1]      Also before the Court are plaintiff's two motions to amend her complaint, a motion to stay and for a continuance pending the outcome of an appeal pending before the District of Columbia Court of Appeals.  These motions will be denied.  Leave to amend a complaint is within the Court's discretion to grant, and it "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Unless there is a valid reason, such as undue delay or undue prejudice to the opposing party, leave to amend generally is granted.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (noting that

(continued...)

motions.

## I.  BACKGROUND

Plaintiff is an African-American woman who sublet a room from Jennifer Renton, to whom defendant Amar Sharma ("Sharma") leased a house at 4801 41st Street, N.W., Washington, D.C. ("the premises").  Plaintiff alleges that, upon Ms. Renton's departure, Sharma refused to sell or to rent her the premises because of her race, and later initiated eviction proceedings against her in the Landlord and Tenant Branch of the Superior Court of the District of Columbia in retaliation for her complaints about the premises' substandard conditions.  In addition, she alleges that she was exposed to toxic mold and to high levels of carbon monoxide leaking from a faulty furnace due to Sharma's failure to properly maintain the premises.  According to plaintiff, exposure to these substances is the cause of her various permanent physical impairments, including seizures, fatigue, dizziness, impaired memory and neurological problems.  Plaintiff alleges that Sharma "would not have been able to deprive [her] of her rights without the aid, benefit, and influence of officials and state actors of the District of Columbia." Plaintiff's Final Amended Complaint and Jury Demand ("Final Amd. Compl.") ¶ 13.

## II.  DISCUSSION

### A.  The District of Columbia's Motion to Dismiss

Review of the amended complaint shows that plaintiff brings claims against the District

---

[1](...continued)
denial of leave to amend without stating reasons is an abuse of discretion).

Plaintiff filed this civil action nearly four years ago and already has amended or attempted to amend her original complaint several times.  At this late date, amendment of the complaint and a stay or continuance not only prejudice the defendants but also unduly delay the resolution of this matter.

of Columbia under 42 U.S.C. § 1981 (Count I), 42 U.S.C. § 1983 (Count III), 42 U.S.C. § 1985

(Count IV), and 42 U.S.C. § 1986 (Count V).  The District of Columbia moves to dismiss

plaintiff's Final Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure on the ground that it fails to state claims against it upon which relief can be granted.[2]

Memorandum of Points and Authorities in Support of Defendant District of Columbia's Motion

to Dismiss ("District's Mem.") at 4-10.

### 1.  Dismissal under Rule 12(b)(6)

A complaint need not set forth detailed factual allegations.  *See Krieger v. Fadely*, 211

F.3d 134, 136 (D.C. Cir. 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993)).  However, a complaint must include "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S.Ct. 1955, 1964 (2007) (citation

omitted).  In deciding a Rule 12(b)(6) motion, the Court presumes the truth of the factual

allegations of a plaintiff's complaint and liberally construes these allegations in the plaintiff's

favor.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *United States v. Phillip*

*Morris, Inc.,* 116 F. Supp. 2d 131, 135 (D.D.C. 2001).  These factual allegations "must be

enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, __ U.S. at __, 127

S.Ct. at 1965 (citations omitted).  The Court need not "accept inferences drawn by plaintiff[] if

---

[2]     The District of Columbia also moves to dismiss the complaint on the ground that
it fails to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure.  *See* District's Mot.
at 3-4.  This aspect of the motion will be denied.  Although the allegations set forth in the
amended complaint are vague and disorganized, the Court concludes that it meets the basic
notice pleading requirements of Rules 8 and 9.

such inferences are unsupported by the facts set out in the complaint.  Nor must the [C]ourt

accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*,

16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted).  At this stage of the proceedings, "[t]he

issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer

evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

a.  Plaintiff's 42 U.S.C. § 1981 Claim

In relevant part, 42 U.S.C. § 1981 provides:

> All persons within the jurisdiction of the United States <u>shall have the</u>
> <u>same right in every State and Territory to make and enforce contracts,</u>
> to sue, be parties, give evidence, and to the full and equal benefit of
> all laws and proceedings for the security of persons and property as
> is enjoyed by white citizens.

42 U.S.C. § 1981(a) (emphasis added).  "[A] plaintiff cannot state a claim under § 1981 unless

[she] has (or would have) rights under the existing (or proposed) contract that [she] wishes to

make and enforce.  Section 1981 plaintiffs must identify injuries flowing from a racially

motivated breach of their own contractual relationship[.]"  *Domino's Pizza, Inc. v. McDonald*,

546 U.S. 470, 479-80 (2006).  Here, plaintiff alleges, generally, that Sharma, his former counsel,

and the District "intentionally discriminated against [her] on the basis of her race, African

American."  Final Amd. Compl. ¶ 29.  The District of Columbia argues that the complaint fails to

allege the "identity of an impaired contractual relationship under which the plaintiff has rights."

District's Mem. at 4.

Although plaintiff alleges discrimination based on her race, nothing in her complaint even

suggests the existence of an actual or proposed contractual agreement involving the District of

Columbia.  She alleges neither that the District itself failed or refused to enter into a contract with

her, that the District interfered with her efforts to make or enforce a contract with another person, nor that the District prevented her from taking or defending a legal action.  Rather, it is Sharma who allegedly "refused to sell and/or lease the premises to [her]" and "filed multiple actions for eviction against the plaintiff in order to avoid a contractual relationship with an African American woman."  Final Amd. Compl. ¶ 30.  Plaintiff's 42 U.S.C. § 1981 claim (Count I) fails and therefore will be dismissed as to the District of Columbia.

> b.  Plaintiff's 42 U.S.C. § 1983 Claim

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (2000).  As a municipality, the District of Columbia is a "person" for purposes of § 1983.  *Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95) (emphasis in original).  "*Respondeat superior* or vicarious liability will not attach under § 1983," *id.*, and therefore "a municipality cannot be held liable

*solely* because it employs a tortfeasor[.]" *Monell*, 436 U.S. at 691 (emphasis in original).  The

District of Columbia, then, may be subject to liability under § 1983 only "when an official policy

or custom causes the complainant to suffer a deprivation of a constitutional right."  *Carter v.*

*District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986).  The policy or custom itself must be

"the moving force behind the constitutional violation."  *Id.* (quoting *Monell*, 436 U.S. at 694);

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plaintiff must show course deliberately

pursued by city establishing affirmative link between city's policy and alleged constitutional

violation).

      The District argues that "the facts alleged in the amended complaint are insufficient under

*Monell* to link the alleged constitutional violation with a District policy, practice, or custom."

District's Mem. at 6.  Assuming without deciding that plaintiff alleges the deprivation of a

constitutional or federal statutory right by a person acting under color of District of Columbia

law, plaintiff's claim must fail for the reason the District puts forth.  The amended pleading does

not allege that an official District of Columbia policy or custom caused plaintiff to suffer the

deprivation of a constitutional or federal statutory right, and this pleading defect is fatal.

Furthermore, it appears that plaintiff's theory of liability is premised on the acts or omissions of

District employees, *see* Plaintiff's Opposition to Defendant District of Columbia's Motion to

Dismiss Plaintiff's Final Amended Complaint at 4, which, as noted, cannot be the basis for

municipal liability based on a theory of *respondeat superior*.  *Monell*, 436 U.S. at 691.  The

District's motion to dismiss plaintiff's 42 U.S.C. § 1983 claim (Count III) therefore is granted.

c.  Plaintiff's 42 U.S.C. § 1985 Claim

      Under 42 U.S.C. § 1985, conspiracy to commit the civil rights violation of obstruction of

6

justice is committed:

> [1] If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness <u>in any court of the United States</u> from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or [2] if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, <u>the right of any person, or class of persons, to the equal protection of the laws</u>.

42 U.S.C. § 1985(2) (2000) (emphasis added).  While under 42 U.S.C. § 1985(3), conspiracy to

deprive a person of rights or privileges occurs:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, <u>for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws</u>; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or

deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3) (2000) (emphasis added).

According to plaintiff, the District of Columbia "conspired with [Sharma], and impaired plaintiff's ability to recover and have her case heard." Final Amd. Compl. ¶ 39. The "case" to which plaintiff refers presumably was either an administrative proceedings before the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") pertaining to housing code violations or matters before the Landlord and Tenant Branch of the Superior Court's Civil Division. *See id.* ¶¶ 34 (alleging that a DCRA hearing officer ruled in Sharma's favor and "instructed [Sharma] how to complete forms and what to do to win [his] case against the plaintiff"), 38 (alleging that the District conspired with Sharma "by ruling in favor of [Sharma] and specifically instructing [Sharma] of what to do"), 40 (alleging that Sharma's counsel and the District "worked together with each other for the purpose of evicting the plaintiff from the premises"). Plaintiff brings civil rights conspiracy claims against the District of Columbia under both 42 U.S.C. § 1985(2) and (3). *Id.* ¶ 40.

A common element of both provisions of § 1985 is the existence of an actual conspiracy. The elements of civil conspiracy are "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Conclusory allegations of an agreement will not suffice. *Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (mere allegation that defendants "agreed among themselves" to subject plaintiff to discriminatory acts, without alleging facts suggesting

that the defendants were acting in concert in furtherance of a shared goal of discriminating against him not sufficient) (footnote and citations omitted); *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence or establishment of an agreement").  Plaintiff's claim under § 1985 must fail at the outset, then, because the allegations of the amended complaint as to the existence of a conspiracy are conclusory at best.  *See, e.g., McCreary v. Heath*, No. 04-0623 (PLF), 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (dismissing conspiracy claim where the "complaint fails to allege the existence of any events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds' between any of the defendants . . .").  However, even if plaintiff adequately alleged the existence of a conspiracy, there are independent reasons why the § 1985 claim against the District of Columbia must be dismissed.

The first clause of § 1985(2) "prohibits conspiracies to interfere with the integrity of the federal judicial system."  *McCord v. Bailey*, 636 F.2d 606, 614 (D.C. Cir. 1980) (footnote omitted), *cert. denied*, 451 U.S. 983 (1981).  To state a claim under this provision of § 1985(2), "a plaintiff must allege (1) a conspiracy between two or more persons, (2) to deter a party, witness or juror from attending or testifying in any matter pending in any court of the United States, which (3) results in injury to the plaintiff."  *Graves*, 961 F. Supp. at 319 (citations omitted).  Here, plaintiff fails to state a claim under this first clause of § 1985(2) because she fails to allege that she was a party, witness or juror in any matter pending in a federal court when the allegedly conspiratorial acts were committed.  Administrative proceedings do not qualify as

court proceedings for purposes of § 1985(2), *id.* (concluding that "pending administrative proceedings under Title VII do not constitute a court proceeding for the purposes of § 1985(2)"); *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987) (holding that "interference or obstruction of administrative proceedings is not redressable under section 1985(2)")); *Carter v. Church*, 791 F. Supp. 298, 300 (M.D. Ga. 1992) (concluding that a plaintiff with administrative proceedings before Equal Employment Opportunity Commission does not state a claim under § 1985(2) because it is not a federal court), but even if they did, the administrative proceeding that presumably was pending when the purported conspiracy occurred was a proceeding before a District of Columbia administrative body.

Plaintiff fares no better with respect to her claims under the second clause of § 1985(2) or under § 1985(3). The second clause of § 1985(2) "applies to conspiracies to obstruct the course of justice in state courts[.]" *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). It requires the "intent to deprive [a person] of equal protection, or equal privileges and immunities," and therefore "means that there must be some *racial, or perhaps otherwise class-based, invidiously discriminatory animus* behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Id.* at 726 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)) (emphasis added). And, to state a claim under § 1985(3), plaintiff "must allege four elements: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protection of the laws, or of privileges and immunities under the law; (3) motivated by some *class based, invidiously discriminatory animus* exists; (4) whereby a person is either injured in his person or property, or is deprived of any right or privilege of a citizen of the United States." *Graves*, 961 F. Supp. at 320 (citing *Breckenridge*,

10

403 U.S. at 102-03) (emphasis added).  Nothing in the amended complaint attributes to the District of Columbia any act or omission motivated by a racial or class-based discriminatory animus, and her claims under both § 1985(2) and § 1985(3) therefore cannot be sustained. Accordingly, plaintiff's 42 U.S.C. § 1985(2), (3) conspiracy claim (Count IV) is dismissed.

d.   Plaintiff's 42 U.S.C. § 1986 Claim

In relevant part, 42 U.S.C. § 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case[.]

42 U.S.C. § 1986 (2000).  Generally, § 1986 holds civilly accountable those who have knowledge of a conspiracy, as delineated in § 1985, and failed to prevent such wrongdoing.  "The language of this provision establishes unambiguously that a colorable claim under § 1985 is a prerequisite to stating an adequate claim for neglect to prevent under § 1986."  *Thomas v. New World Commc'ns*, 681 F. Supp. 55, 72 (D.D.C. 1988) (citing *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983), *cert. denied*, 465 U.S. 1100, *reh'g denied*, 466 U.S. 954 (1984)).  Because the complaint fails to state a claim under § 1985, plaintiff cannot maintain a claim under § 1986. *Id.*; *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir.), *cert. denied sub nom. Dacey v. House*, 436 U.S. 906 (1978); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 240-41 (D.D.C. 2007).  Thus, the District's motion to dismiss plaintiff's 42 U.S.C. § 1986 claim (Count V) also is granted.

11

*B.  Amar Sharma's Second Motion for Summary Judgment*

In its March 30, 2007 Memorandum Opinion and Order, the Court granted, in part,

Sharma's motion for summary judgment and dismissed plaintiff's claims against him under 42

U.S.C. §§ 1981, 1982, 1983, 1985, and 1986 (Counts I-V) and the Fair Housing Act, 42

U.S.C. § 3601 *et seq.,* arising from Sharma's alleged refusal to sell or lease the subject

premises to plaintiff based on her race.  *See Burnett v. Sharma*, No. 03-2365 (RBW), 2007 WL

1020782 (D.D.C. Mar. 30, 2007).  The remaining claims against Sharma (Counts VI-X) pertain

to his alleged failure to maintain the premises adequately, exposing plaintiff to carbon monoxide

and mold, resulting in harm to her health.  Sharma renews his motion for summary judgment on

the ground that these claims were raised or could have been (but were not) raised in plaintiff's

prior lawsuits against him in the Superior Court and therefore are barred by the doctrine of *res*

*judicata*.  *See* Sharma's Second Motion for Summary Judgment ("Sharma Mot.") at 6-10.

Plaintiff's opposition merely restates her claims with respect to the condition of the premises,

Sharma's liability for her resulting harm, and the actions of other defendants.  She absolutely

fails, however, to address Sharma's *res judicata* argument.  *See generally* Plaintiff's Motion for

Reconsideration in Opposition to Defendant's Motion for Summary Judgment.

Local Civil Rule 7(b) provides:

> Within 11 days of the date of service or at such other time as the court
> may direct, an opposing party shall serve and file a memorandum of
> points and authorities in opposition to the motion.  <u>If such a</u>
> <u>memorandum is not filed within the prescribed time, the court may</u>
> <u>treat the motion as conceded</u>.

LCvR 7(b) (emphasis added); *see FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating

plaintiffs summary judgment motion as conceded because defendant filed its opposition late).

Similarly, if "a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing *Bender*, 127 F.3d at 67-68); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). And, "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the District of Columbia Circuit will] honor its enforcement" of LCvR 7(b). *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997); *see also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Because plaintiff has failed to address Sharma's *res judicata* argument, the Court considers the argument conceded.[3] Sharma's second summary judgment motion therefore is granted.

### C. Sharma Law Group's Motion to Dismiss

There remains one other defendant to this action, the Sharma Law Group ("SLG") (formerly Sharma & Bandari). Review of the docket of these consolidated cases reflects that SLG filed a motion to dismiss in Civil Action No. 06-0037 on May 15, 2007, notwithstanding instructions for the parties to file all papers subsequent to the Court's August 18, 2006 Order in Civil Action No. 03-2365. The Court therefore orders SLG to file its motion in the proper civil action.

### III. CONCLUSION

The Court concludes that plaintiff's Final Amended Complaint fails to state any claims against the District of Columbia upon which relief can be granted. Accordingly, the District of Columbia's motion to dismiss is granted. In addition, the Court grants Amar Sharma's second

---

[3]     Sharma's motion to dismiss for lack of jurisdiction [#108] will be denied as moot.

motion for summary judgment as conceded, and denies his motion to dismiss for lack of subject matter jurisdiction as moot.  Plaintiff's motions to amend her complaint are denied, as are her motions for a stay and for a continuance.  Finally, SLG is ordered to re-file its motion to dismiss in the appropriate case within 30 days from the date of this Order.  Plaintiff shall file her opposition 30 days thereafter, and SLG shall then have 15 days to file any reply.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.


_____/s/_____
REGGIE B. WALTON
United States District Judge

Date:  September 26, 2007